UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GREGORY A LANDRY** | **CASE NO.  6:25-CV-00187** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before this Court is a MOTION TO REMAND filed by plaintiff Gregory Landry. (Rec. Doc. 7). Defendant State Mutual Automobile Insurance Company opposes the motion. (Rec. Doc. 13). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that Landry's motion be GRANTED and, accordingly, this suit be remanded to the 16th Judicial District Court, St. Mary Parish, Louisiana.

### Factual Background

This matter arises from an April 5, 2020 motor vehicle accident involving Landry and Clifton Rousseau in Morgan City, Louisiana. (Rec. Doc. 1-4 at ¶¶ II-III). Landry settled with Rousseau and his insurer, Progressive Security Insurance Company. (*Id*. at ¶ VII). On March 25, 2022, Landry filed suit against State Farm in state court alleging that State Farm had issued a policy of uninsured/underinsured motorist insurance coverage and that Rousseau's underlying coverage with Progressive was insufficient to cover his damages. (*Id*. at ¶¶ IX-X). Notably, Landry's petition expressly alleged that his damages did not exceed $75,000. (*Id*. at ¶ XII). The petition included interrogatories and requests for production. (Rec. Doc. 1-4 at 7-13). State Farm filed an answer. (*Id*. at 20-24).

1

On February 14, 2025, State Farm removed the matter to this Court. (Rec. Doc. 1). The Notice of Removal states that State Farm had been served on January 20, 2025, with a Motion and Order for Leave of Court and First Supplemental and Amending Petition. (*Id*. at 23-29). The proposed amended petition removed the allegation that Landry's damages did not exceed $75,000. (Rec. Doc. 1-4 at ¶¶ 27-34).

Landry filed the instant motion seeking remand and contending that State Farm's removal was untimely. (Rec. Doc. 7). With respect to the aforementioned state court amended petition, Landry clarified that this pleading had been sent to State Farm's counsel by email and had not been filed in the state court record. As for timeliness, Landry argues that he had not acted in bad faith as required by 28 U.S.C. § 1446(c)(1) for removals in excess of one year from commencement of the action. Here, the case was removed on February 14, 2025, nearly three years after commencement. Landry also argues that complete diversity is lacking under 28 U.S.C. § 1332(c)(1)(A).

In response, State Farm argues that its removal was timely since it removed the suit within 30 days of service of an amended pleading. (Rec. Doc. 13 at 1). The opposition further contends that equity dictates that the one-year window be extended since there had been no activity in the case in state court. (*Id*. at 1-2). The Court held a hearing on the motion and took it under advisement. (Minutes, Rec. Doc. 18). The motion is therefore ripe for ruling.

## Law and Analysis

Federal courts are courts of limited jurisdiction possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts have subject matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and in which the parties are citizens of

different states.  28 U.S.C. §§ 1331, 1332.  A suit is presumed to lie beyond the scope of federal court jurisdiction until the party invoking the court's jurisdiction establishes otherwise. *Kokkonen*, 511 U.S. at 377.  Similarly, any doubts regarding whether jurisdiction exists must be resolved against federal jurisdiction.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  The party invoking federal jurisdiction bears the burden of establishing such jurisdiction exists.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).  Where, as here, a suit is removed to federal court, the removing party bears the burden of establishing federal jurisdiction.  *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Section 1446(c)(1) prohibits removal based solely on diversity jurisdiction more than a year after the commencement of the action.  That same statute provides an exception permitting a defendant to remove after the expiration of one year when the plaintiff acted in bad faith to prevent removal.  *Id.*  Bad faith arises when the plaintiff attempts to "manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing [the] defendant from exercising its rights." *Rants v. Shield Coat, Inc.*, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017).  As such, the court must evaluate whether Landry engaged in deliberate conduct to prevent State Farm's removal.

A defendant seeking to escape Section 1446(c)(1)'s general prohibition must satisfy a high burden of proof to be entitled to application of the bad faith exception.  *Holman v. Fiesta Mart, LLC*, 2024 WL 2001574, *3 (W.D. Tex. Jan. 17, 2024).  Courts have noted that the defendant's burden is heavy since courts are "reluctant to find a party acted in bad faith without 'clear and convincing proof.'"  *Manley v. Daimler AG*, 2023 WL 4275004, *4 (N.D. Tex. June 29, 2023).  It is clear here that State Farm removed the case well in excess of one

3

year, so State Farm must show by clear and convincing evidence that Landry acted intentionally to prevent timely removal.

State Farm contends that equity dictates that the one-year limit be extended to allow removal where the plaintiff waited before dismissing non-diverse defendants and cites *Dufrene v. Petco Animal Supplies Stores, Inc.*, 934 F. Supp. 2d 864 (M.D. La. 2012), and *Ardoin v. Stine Lumber Co.*, 298 F. Supp. 2d 422 (W.D. La. 2003). (Rec. Doc. 13 at 1-2). The equitable tolling standard was recognized by the Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). However, the Fifth Circuit in *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287 (5th Cir. 2019), recognized that the *Tedford* equitable tolling standard was superseded by the 2011 amendment to Section 1446 adding the bad faith exception. State Farm does not cite the correct standard much less satisfy it; therefore, State Farm does not meet its burden of showing bad faith on Landry's part.

Given the finding above that State Farm has failed to satisfy its burden of showing bad faith, the Court need not address the fact that the proposed amended petition had not in fact been filed in state court. State Farm's counsel was under the impression that the amended petition had been filed since the email[1] included a signed cover letter addressed to the Clerk of Court for the 16th Judicial District Court. The briefing does not cite authority addressing whether an unfiled amended pleading satisfies Section 1446, but the undersigned notes there is authority suggesting that it does not. *See generally Bailey v. S2 Yachts, Inc.*, 2008 WL 11338171 at *1 (C.D. Cal. June 16, 2008) ("Where an amended complaint itself causes an action to be removable, courts have required proper filing and service to start the removal period."). This Court further does not agree with Landry's argument regarding lack of diversity under 28 U.S.C. § 1332(c)(1)(A) since Landry's suit against State Farm is a first-

---

[1] The parties reference the email to State Farm's counsel containing the proposed amended petition but neither party attached it to their filings.

party contract claim against his uninsured/underinsured carrier and not a direct action against a liability insurer. See Safranek v. USAA Cas. Ins. Co., 525 F. Supp. 3d 707, 728 (M.D. La. 2021) (holding that an insured's suit against his own UM carrier is not a direct action under Section 1332(c)(1)).

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff Gregory A. Landry's MOTION FOR REMAND (Rec. Doc. 7) be GRANTED and, accordingly, this suit be remanded to the 16th Judicial District Court, St. Mary Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

THUS DONE in Chambers on this 19th day of January, 2026.

_____
David J. Ayo
United States Magistrate Judge